Dear Mr. Dardenne:
You have requested of this Office an Opinion regarding whether Ahn "Joseph" Cao, U. S. Representative, 2nd Congressional District, may be recalled under Louisiana law. You further inquire "whether the Secretary of State, and Registrars of Voters for the Parishes of Orleans and Jefferson, and Governor Jindal are required to proceed with the recall process set forth under Louisiana law" in the event our office concludes that Congressman Cao may NOT be recalled under Louisiana law.
You also advise our office that the Secretary of State's Office received a recall petition on February 16, 2009, for the removal of Congressman Cao. Your office date stamped, filed, forwarded the recall petition to the Registrars of Voters for the Parishes of Orleans and Jefferson and Supervisory Committee on Campaign Finance Disclosure, and returned the date stamped recall petition to the recall Chairman, Reverend Aubrey Wallace.
The United States Constitution does not provide for, nor does it authorize, the recall of United States officials such as United States Senators, Representatives to Congress, or the President or Vice President of the United States. No United States Senator or Member of the House of Representatives has ever been recalled in the history of the United States.
The power to regulate the members of Congress, however, has been reserved by the United States Constitution to the respective House of Congress. *Page 2 
Article 1, section 5 of the U. S. Constitution provides:
 "Each House shall be the Judge of the Elections, Returns, and Qualifications of its own Members [. . . .] Each House may determine the Rules of its Proceedings, punish its Members for disorderly Behavior, and, with the Concurrence of two-thirds, expel a Member." U.S. Const., art. 1, § 5.
Under this provision of the Constitution, it has been uniformly held that jurisdiction to determine the right of a member of Congress to a seat is vested exclusively in the houses themselves. See Barry v. United States,279 U.S. 597 (1928); State ex rel. Smith v. District Court, 145 P. 721
(Mont. 1914). See also Thorsted v. Gregoire, 841 F. Supp. 1068
(W.D.Wash. 1994). The decision of the United States Supreme Court inBurton v. United States, 202 U.S. 344, (1905), supported this conclusion:
 "The seat into which [a senator] was originally inducted as a Senator from Kansas could only become vacant by his death, or by expiration of his term of office, or by some direct action on the part of the Senate in the exercise of its constitutional powers."[1]
The Court in U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779 (U.S. 1995) further supports this conclusion:
 The Framers decided that the qualifications for service in the Congress of the United States be fixed in the Constitution and be uniform throughout the Nation. That decision reflects the Framers' understanding that Members of Congress are chosen by separate constituencies, but that they become, when elected, servants of the people of the United States. They are not merely delegates appointed by separate, sovereign States; they occupy offices that are integral and essential components of a single National Government. In the absence of a properly passed constitutional amendment, allowing individual States to craft their own qualifications for Congress would thus erode the structure envisioned by the Framers, a structure that was designed, in the words of the Preamble to our Constitution, to form a "more perfect Union."[2] *Page 3 
It was advocated in U.S. Term Limits, Inc., supra, that the Tenth
Amendment to the United States Constitution may provide for the citizens of states to petition for recall of federally elected officials.
The Tenth Amendment of the United States Constitution provides:
 "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the states respectively, or to the people." U.S. Const., Amend. 10.
However, the U.S. Supreme Court rejected the Tenth Amendment as a source of State power to regulate what is an area of governance that is exclusively reserved to each House of Congress.
In U.S. Term Limits, Inc., supra, Bobbie E. Hill filed suit in Arkansas state court challenging the constitutionality of § 3 of Amendment 73 to the Arkansas Constitution, which prohibited the name of an otherwise-eligible candidate for Congress from appearing on the general election ballot if that candidate has already served three terms in the House of Representatives or two terms in the Senate. Hill also alleged that the states possess control over qualifications for members of Congress as part of the original powers reserved to them by the Tenth
Amendment to the United States Constitution. The Court rejected Hill's argument.
Justice Stevens wrote, 514 U.S. at 802:
 Contrary to petitioners' assertions, the power to add qualifications is not part of the original powers of sovereignty that the Tenth Amendment reserved to the States. Petitioners' Tenth Amendment argument misconceives the nature of the right at issue because that Amendment could only "reserve" that which existed before. As Justice Story recognized, "the states can exercise no powers whatsoever, which exclusively spring out of the existence of the national government, which the constitution does not delegate to them. . . . No state can say, that it has reserved, what it never possessed." 1 Story § 627.
Therefore, the United States Constitution reserves to the Houses of Congress the authority to judge the qualifications of their respective members and to punish or expel their members. As such power has been reserved to the federal government by the United States Constitution, the answer to your first question would be that the United States Constitution does not provide for any reservation of authority to the States to remove from office congressional officeholders. *Page 4 
Therefore, unseating a member of the House of Representatives appears to be exclusively reserved to the House under Section 5 of Article I of the United States Constitution and any Louisiana laws allowing for the recall of elected officials are inapplicable to members of Congress.
Regarding your second question, Article X of the Constitution of the State of Louisiana of 1974 addresses Public Officials and Employees. Section 26 (Recall) states:
 The legislature shall provide by general law for the recall by election of any state, district, parochial, ward, or municipal official except judges of the courts of record. The sole issue at a recall election shall be whether the official shall be recalled. (Emphasis Added)
In Lamar v. United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912
(1915), the United States Supreme Court held that a member of the United States House of representatives is an officer acting under the authority of the United States. Lamar, 241 U.S. at 113. Other jurisdictions have commonly reached a similar conclusion:
 "There can be no doubt that a member of Congress is not, strictly speaking, a state officer. He does not represent the state, but represents the people of the United States in the district from which he is elected. He is a United States officer."[3]
La.R.S. 18:1300.1 et seq., set forth the laws authorizing recalls. R.S.18:1300.1 states in pertinent part:
 Any public officer, excepting judges of the courts of record, may be recalled in accordance with the provisions of this Chapter.
As Article X, Section 26 specifically enumerates the officials over which the legislature has authority to govern recalls, "any public officer" as referenced in La.R.S. 18:1300.1, et seq., must be limited to those officials.
A member of Congress is an officer acting under the authority of the United States and Louisiana law regarding recalls is limited to public offices established by the constitution or laws of the state. Therefore, the recall authority pursuant to La.R.S. 18:1300.1, et seq., does not apply to members of the United States Congress and any recall attempt to that effect cannot proceed. *Page 5 
In conclusion, a member of Congress is neither a state officer nor local officer and therefore is not subject to recall pursuant to La.R.S. 18:1300.1, et seq.
The United States Constitution has delegated to Congress the power to determine the qualifications of its own members and expel its members when necessary. Since this is a power reserved for the individual Houses of Congress, the tenth amendment of the United States Constitution does not reserve to the states the authority to remove members of Congress from office.
Neither the Secretary of State, Registrars of Voters for the Parishes of Orleans and Jefferson, nor Governor Jindal would be required to proceed with the recall process set forth under Louisiana law. These offices only have jurisdiction over a recall attempt of a public officer as defined under Louisiana law. This definition does not include officers acting under the authority of the United States.
We trust this answers your questions to your satisfaction. Please do not hesitate to contact this office should you have any further concerns regarding these issues.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 JDC/WPB, III/sfj
[1] Burton, 202 U.S. at 369.
[2] U.S. Term Limits, 514 U.S. at 837-838
[3] Harless v. Lockwood, 332 P.2d 887, 888 (Ariz. 1958). See alsoEkwall v. Stadelman, 30 P.2d 1037 (Or. 1934); State ex rel. Carroll v.Becker, 45 S.W.2d 533 (Mo. 1932).